JOSEPH LeBLANC *vs.* HAROLD V. LANGLOIS,. *Warden.*

FEBRUARY 6, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a petition for a writ of habeas corpus directed to Harold V. Langlois, warden of the adult correctional institutions, to secure the petitioner's release.

The petitioner, on November 17, 1959 in the district court of the eleventh judicial district, was charged with the offense of lewd and lascivious conduct in speech and person. On a plea of nolo he received a sentence of three years in the adult correctional institutions, which sentence was suspended and petitioner was placed on probation for three years. On May 7, 1962 he was sentenced under G. L. 1956, §11-45-1, to three years in the adult correctional institutions for violation of probation. He contends that §11-45-1 does not in and of itself confer such jurisdiction on the district courts.

Section 11-45-1 reads as follows:

"Vagrants and disorderly persons—Commitment of drunkards and lewd, wanton or lascivious persons.— Every idle person who, being of doubtful reputation

and having no visible means of support, shall live without employment; every sturdy beggar who shall apply for alms or solicit charity; every tramp; every person wandering abroad and lodging in station houses, outhouses, market places, sheds, stables, or unhabitated building, or in the open air, and not giving a good account of himself; and every peeping-tom, so-called; every person who shall go about from place to place to beg or receive alms, every common prostitute, drunkard, and night walker; every lewd, wanton, or lascivious person, in speech or behavior, common railer or brawler; every person who shall speak or behave in an obscene or indecent manner in any public place, or within the view of others; every person who shall neglect all lawful business and habitually misspend his time by frequenting houses of ill fame, gaming houses, or tippling shops; every common cheat, vagrant, or disorderly person, shall be imprisoned not more than three (3) years in the adult correctional institutions; provided, however, jurisdiction is hereby conferred on district courts to try, and to sentence offenders under this section * * *."

That language is clear but petitioner asserts that the offense must be specifically set out in a subsequent section of the general laws in order to confer jurisdiction, and the reason which he gives is that the word "tramp" is mentioned in §11-45-1 but in addition there are seven sections devoted exclusively to tramps, namely, §§11-45-3 through 11-45-9. The reason for this treatment of tramps in the statutes would appear to be that, while the crime of being a lewd, wanton or lascivious person in speech or behavior is a common-law offense, 53 C.J.S. Lewdness §2, p. 5, as is also the crime of vagrancy, 91 C.J.S. Vagrancy §1, p. 777, to be a tramp was not made a crime in this state until P. L. 1880, chap. 806, an act concerning tramps, was passed and became effective on May 1, 1880. The chapter contains nine sections. While there are minor changes in the language of G. L. 1956, §§11-45-3 through 11-45-9, relating to tramps, it is substantially the same as P. L. 1880,

chap. 806. Although in many instances the word "vagrant" or the word "tramp" would properly be descriptive of a given person, "tramp" appears to be milder and less offensive than "vagrant."

We are of the opinion that the words, "every lewd, wanton, or lascivious person, in speech or behavior," as they appear in §11-45-1 sufficiently describe a crime and that they clearly confer jurisdiction so that a criminal complaint may properly be based upon them.

The petitioner also calls attention to the fact that §11-45-1 concludes with the words, "provided, however, jurisdiction is hereby conferred on district courts to try, and to sentence offenders under this section," while G. L. 1938, chap. 610, §24, lists the various offenses and concludes with: "and jurisdiction is hereby conferred on district courts to try, and to sentence offenders under this section."

The petitioner is of the opinion that there must have been a reason for the change from the word "and" to the words "provided, however," and concludes that the change was intended to place a condition in conferring jurisdiction upon district courts to try and sentence up to three years, the condition being that a section in the general laws must be set aside for each of the offenses listed in §11-45-1 and that each such section must confer jurisdiction upon district courts specifically, as it appears in §11-45-1 under the offense of tramps.

In our opinion there is no basis for such a conclusion. While there may be a difference in the meaning of the word "and" and the words "provided, however," the meaning of the two is frequently substantially the same, as here. 50 Am. Jur., Statutes, §436, p. 458.

We are of the opinion that the words "provided, however" are perfectly clear and make entirely evident that, notwithstanding sentence for the crime in question is to be imposed by a district court, a court of limited juris-

diction as to length of sentence, exception is made in the case of lewd, wanton or lascivious persons and punishment may be extended to three years. The words "provided, however" tend to emphasize more than the word "and" the fact that while the crime in question is one cognizable by the district courts, the punishment may be given up to a maximum of three years which is ordinarily beyond the jurisdiction of district courts.

The petition for habeas corpus is denied and dismissed, and the writ heretofore issued is quashed.

*Jacob J. Alprin*, for petitioner.

*J. Joseph Nugent*, Attorney General, *Francis A. Kelleher*, Special Counsel, for State.